KEITH A. JACOBY, Bar No. 150233
kjacoby@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone: (310) 553-0308
Fax No.: (310) 553-5583

SOPHIA BEHNIA, Bar No. 289318
sbehnia@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 433-1940
Fax No.: (415) 399-8490

LINDA N. BOLLINGER, Bar No. 289515
lbollinger@littler.com
LITTLER MENDELSON, P.C.
50 West San Fernando, 7th Floor
San Jose, CA 95113
Telephone: (408) 998-4150
Fax No.: (408) 288-5686

SANDRA C. ISOM, Bar No. 157374
scisom@fedex.com
FEDEX FREIGHT, INC.
1715 Aaron Brenner Drive, Ste. 200
Memphis, TN 38120
Telephone: (901) 434-8526
Fax No.: (901) 468-1726

Attorneys for Defendant
FEDEX FREIGHT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD JACKSON, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX FREIGHT, INC., an Arkansas corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>(Los Angeles County Superior Court Case No. 20STCV17860)<br><br>**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT UNDER 28 U.S.C. SECTION 1332(D)(2) (CAFA)**<br><br>Complaint Filed: May 7, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF REGINALD JACKSON AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant FEDEX FREIGHT, INC. hereby removes the above-entitled action, Case No. 20STCV17860, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division. This Removal is based on the original jurisdiction of the District Court over the parties under 28 U.S.C. §§ 1332(d), 1441(a) and 1446. Defendant makes the following allegations in support of its Notice of Removal:

**I.   STATEMENT OF JURISDICTION**

1.   This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, Title 28, § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.   VENUE**

2.   Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). Plaintiff originally brought this action in the Superior Court of the State of California, County of Los Angeles. The appropriate assignment of this action is to the Western Division of this Court. *See* 28 U.S.C. § 84(c).

**III.   PLEADINGS, PROCESS, AND ORDERS**

3.   On May 7, 2020, Plaintiff Reginald Jackson ("Plaintiff") filed a

1.

**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Class Action Complaint against Defendant and various Doe defendants in Los Angeles County Superior Court: *Reginald Jackson v. FedEx Freight, Inc.*, Case No. 20STCV17860 (hereinafter, the "Complaint").  The Complaint asserts the following causes of action under the California Labor Code: (1) Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194; (2) Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders; (3) Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512; (4) Failure to Pay Timely Wages Required by Labor Code § 203; (5) Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226; (6) Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802; and (7) Violation of Business & Professions Code § 17200, et seq.

4. On July 1, 2020, Plaintiff served Defendant via its registered agent for service of process by process server: (1) Summons; (2) Complaint; (3) Civil Case Cover Sheet; (4) Notice of Case Assignment; (5) Civil Case Cover Sheet Cover Sheet Addendum and Statement of Location; (6) Initial Status Conference Order; (7) Minute Order; and (8) Notice of Minute Order.  True and correct copies of these documents, including exhibits, are attached hereto as Exhibit "A."

5. On July 30, 2020, Defendant timely filed its Answer with the Superior Court, a true and correct copy of which is attached hereto as Exhibit "B."

6. Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process, pleadings and orders served on Defendant or received by or filed by Defendant in this action.  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court or served by any party.  To Defendant's knowledge, no proceedings related hereto have been heard in Los Angeles County Superior Court.

## IV.    TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed as it is filed within thirty (30) days of July 1, 2020, the date of service of the Summons and Complaint.  28

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT

U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

## V.     NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

8.      Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: James R. Hawkins and Isandra Fernandez of James Hawkins APLC.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VI.    CAFA JURISDICTION

9.      The CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.

### A.     The Proposed Class Contains At Least 100 Members

10.     28 U.S.C. § 1332(d)(5)(B) sets forth that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  This requirement is easily met in the case at bar.

11.     As set forth in the Complaint, Plaintiff seeks to represent a class consisting of "All persons who are or have been employed by Defendants as non-exempt employees, or equivalent positions, however titled, in the state of California within four (4) years from the filing of the complaint in this action until its resolution (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members")."

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Complaint, ¶ 9.  Based on a preliminary review of Defendant's records and limiting Plaintiff's putative class definition to City Drivers, there are approximately 1951 individuals[1] who are or were employed by FedEx Freight during the putative class period of May 7, 2016 through the present.  (Declaration of Elizabeth Powell in Support of Notice of Removal of Civil Action to Federal Court ("Powell Decl."), ¶ 4.)  Thus, there are well over 100 putative class members in this case even under a limited view of Plaintiff's proposed class definition.

**B.     Defendant Is Not a Governmental Entity**

12.     Under 28 U.S.C. § 1332(d)(5)(B), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

13.     Defendant is a corporation, not a state, state official or other government entity exempt from the CAFA.  Powell Decl. ¶¶ 5-10.

**C.     There Is Diversity Between At Least One Class Member And Defendant**

14.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant."   28 U.S.C. §§ 1332(d)(2)(A), 1453(b).   In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members.  *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).  Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

15.     Plaintiff alleges in his Complaint that he is a resident of California.  Complaint ¶ 5.  For diversity purposes, a person is a "citizen" of the state in which he

---

[1] This number is provided for purposes of removal only and does not constitute a concession or admission regarding the size or definition of the putative class.  Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's claims in this case.

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain).  Further, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

16.     Conversely, Defendant is not a citizen of California.  For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state "where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  In practice, the principle place of business is "where the corporation maintains its headquarters."  *Id.*  At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of the State of Arkansas with its principal place of business in Memphis, Tennessee. Powell Decl., ¶ 5.  Although the *Hertz* Court did not articulate a precise test by which to determine the location of a corporation's "nerve center," lower courts have considered the following list of non-exclusive factors in determining a corporation's "nerve center":

a.     where the company's home offices are located;

b.     where the directors and stockholders meet;

c.     where the corporate officers and executives reside;

5.

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT

d.     where policy decisions are made;

e.     where general counsel resides and has its offices; and

f.     where the administrative and financial offices are located and the records kept. *See, e.g., Unger v. Del E. Webb Corp*., 233 F. Supp. 713, 716 (N.D. Cal. 1964); *see also State Farm Fire & Cas. Co. v. Byrd,* 710 F. Supp. 1292, 1293 (N.D. Cal. 1989). Nearly all of FedEx Freight's corporate functions are conducted and based in Arkansas and Tennessee, including human resources, finance, legal, payroll, information technology and executive and administrative support functions that are important to FedEx Freight's strategic leadership and day-to-day operations. Powell Decl., ¶ 6. All of FedEx Freight's senior executive team is based in its corporate headquarters office in Memphis, Tennessee, where FedEx Freight's parent companies, FedEx Freight Corp and FedEx Corporation have their principal place of business. *Id*., ¶ 7. FedEx Freight is a wholly-owned subsidiary of FedEx Freight Corporation, a corporation incorporated under the laws of the State of Delaware.  *Id*., ¶ 8. FedEx Freight Corporation's principal place of business is located at 1715 Aaron Brenner Drive, Memphis, Tennessee. *Id*. FedEx Freight Corporation is a wholly-owned subsidiary of FedEx Corporation, a publicly-held corporation incorporated under the laws of the State of Delaware. *Id*., ¶ 9. FedEx Corporation's principal place of business is located at 942 South Shady Grove Road, Memphis, Tennessee. *Id*. FedEx Corporation's corporate functions are centrally managed from its headquarters in Memphis, Tennessee. *Id*. For these reasons, the Memphis location is considered to be corporate headquarters and the "home office" for FedEx Freight from which senior leadership directs, controls and coordinates FedEx Freight's corporate activities. *Id*., ¶ 10; *see Hertz Corp.,* 130 U.S. at 1192-93 (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities"). Thus, Defendant is a citizen of the State of Arkansas, where it is incorporated, and the State of Tennessee, where it has its principal place of business.

17.     No other party has been named or served as of the date of this

6.

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1  removal.  The presence of Doe defendants in this case has no bearing on diversity with

2  respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this

3  chapter, the citizenship of defendants sued under fictitious names shall be

4  disregarded").

5          18.     Accordingly, Plaintiff is a citizen of California, FedEx Freight is

6  incorporated in and has its principal place of business outside of California, and,

7  therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied

8  and diversity exists for purposes of CAFA jurisdiction.

9      **D.**    **The Amount in Controversy Exceeds $5,000,000.00[2]**

10          19.     This Court has jurisdiction under CAFA, which authorizes the

11  removal of class actions in which, among the other factors mentioned above, the

12  amount in controversy for all class members exceeds $5,000,000.00.   28 U.S.C.

13  § 1332(d).   "The claims of the individual class members shall be aggregated to

14  determine whether the matter in controversy exceeds" this amount.   28 U.S.C.

15  §§ 1332(d)(6), 1453.

16          20.     The removal statute requires that a defendant seeking to remove a

17  case to federal court must file a notice "containing a short and plain statement of the

18  grounds for removal."  28 U.S.C. § 1446(a).  The Supreme Court, in *Dart Cherokee*

19  *Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014), recognized that "as

20  specified in §1446(a), a defendant's notice of removal need include only a plausible

21  allegation that the amount in controversy exceeds the jurisdictional threshold."  Only

22  if the plaintiff contests or the court questions the allegations of the notice of removal

23  is supporting evidence required.  *Id.* at 554.  Otherwise "the defendant's amount-in-

24  controversy allegation should be accepted" just as a plaintiff's amount-in-controversy

25  allegation is accepted when a plaintiff invokes federal court jurisdiction.  *Id.*

26

27      [2] The calculations of alleged damages contained herein are for purposes of removal only.  Defendant

28  denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT

21.     Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom.  For purposes of removal only, however, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdiction minimum of $5,000,000.00.

22.     Here, Plaintiff does not allege the amount in controversy in the Complaint.  Yet, the face of the Complaint, as well as the Declaration of Elizabeth Powell, clearly demonstrate that the amount of controversy in this case exceeds $5,000,000.00.

23.     Plaintiff alleges a cause of action for a violation of the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq*.  Complaint, ¶¶ 90-96.  Alleging a UCL violation may extend the statute of limitations for Plaintiff's and the putative class' meal period and rest period claims from three to four years from the filing of the Complaint, which in this case, extends the statute of limitations to May 7, 2016.  *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

24.     By way of his second cause of action, Plaintiff alleges that Defendant maintained a policy and practice, which resulted in systemic and class-wide violations of the Labor Code, including regularly not providing Plaintiff and the putative class with compliant meal periods for shifts greater than five hours per day.  Complaint, ¶¶ 59-61.  Plaintiffs and the putative class are seeking to recover unpaid premium wages, interest and penalties thereon, and costs of suit.  Complaint, ¶ 62.

25.     Based on a preliminary review of Defendant's records, Plaintiff's job description, and a limited view of Plaintiff's putative class definition, there are approximately 1951 City Drivers who are and/or were employed by FedEx Freight

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8.

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT

during the putative class period of May 7, 2016 through the present. Plaintiff's hourly rate of pay was $23.23. Powell Decl., ¶ 3. The lowest hourly rate of pay these City Drivers have received at any point from May 7, 2016 to the present in the state of California is $20.68. Powell Decl., ¶ 4. For the purposes of removal only, Defendant will utilize $20.68 as the hourly rate of pay for the putative class members. Further, recognizing that not all of the 1951 City Drivers were employed during the entire putative class period, Defendant will also assume for purposes of removal only, that each City Driver was employed for only one-half of the total number of workweeks during the putative class period. Defendant will also assume only one missed meal and rest period per week, recognizing that sometimes putative class members worked shifts of less than five hours.

26. While Defendant denies the validity and merit of Plaintiff's missed meal period claims, for purposes of removal only, based on a preliminary review of its records, using the lowest applicable hourly rate for all 1951 putative class members, and assuming only one missed meal period per week for only one-half of the putative class period, the amount in controversy for Plaintiff's meal period claim is an estimated $4,357,441.[3]

27. By way of his third cause of action, Plaintiff alleges that Defendant maintained a policy and practice, which resulted in systemic and class-wide violations of the Labor Code, including not providing Plaintiff and the putative class with compliant rest periods of ten minutes per four hours worked. Complaint, ¶¶ 66-67. Plaintiffs and the putative class are seeking to recover unpaid premium wages, interest and penalties thereon, and costs of suit. Complaint, ¶ 68.

28. While Defendant denies the validity and merit of Plaintiff's missed rest period claims, for purposes of removal only, based on a preliminary review of its

---

[3] 1516 days (between May 7, 2016 through approximately July 1, 2020) ÷ 7 days per week = 216 workweeks x 1951 putative class members = 421,416 total workweeks x 1 violation per week x $20.68 ÷ 2

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1   records, using the lowest applicable hourly rate for all 1951 putative class members,

2   and assuming only one missed rest period per week for only one-half of the putative

3   class period, the amount in controversy for Plaintiff's rest period claim is an estimated

4   $4,357,441.[4]

5          29.    Plaintiff's fifth cause of action alleges that Defendant has

6   intentionally provided Plaintiff and putative class members with inaccurate wage

7   statements.  Complaint ¶¶ 77-81.

8          30.    Labor Code Section 226(e) provides for a statutory penalty for

9   violations of Labor Code § 226(a)'s wage statement requirements of $50 or actual

10  damages per employee for the initial pay period in which a violation occurs and $100

11  per employee for each violation in a subsequent pay period, not exceeding an

12  aggregate amount of $4,000 per employee.  Cal. Lab. Code § 226(A).  The statutory

13  period for Labor Code § 226(e) penalties is one year.  Cal. Code Civ. Proc. § 340.

14         31.    Defendant denies the validity and merit of Plaintiff's wage

15  statement claims.  For purposes of removal, assuming Plaintiff will seek the maximum

16  penalty, but further assuming that it only applies to about one-half of the putative class

17  members due to the shortened limitations period, the amount in controversy is an

18  estimated $3,900,000 ($4,000 x 975 putative class members).

19         32.    As his fourth cause of action, Plaintiff seeks waiting time penalties

20  pursuant to California Labor Code § 203.  Complaint, ¶¶ 72-74.  The statute of

21  limitations for Plaintiff's Labor Code § 203 waiting time penalty claim is three years.

22  *Pineda v. Bank of America, N.A.,* 50 Cal. 4th 1382, 1935 (2010) ("no one disputes that

23  when an employee sues to recover both unpaid final wages and the resulting section

24  203 penalties, the suit is governed by the same three-year limitations period that

25  would apply had the employee sued to recover only the unpaid wages").

26

27  _____

    [4] 1516 days (between May 7, 2016 through approximately July 1, 2020) ÷ 7 days per week = 216

28  workweeks x 1951 putative class members = 421,416 total workweeks x 1 violation per week x
    $20.68 ÷ 2

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.

**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT**

33.   Plaintiff alleges that Defendant willfully failed to timely pay final wages without regard to the requirements of the Labor Code.   Complaint, ¶ 73. Plaintiff demands up to thirty days of pay as penalty for not paying all wages due at time of termination for himself and the putative class.  Complaint, ¶¶ 72, 74.

34.   Defendant denies the validity and merit of Plaintiff's waiting time penalties claims.   However, Defendant notes that if Plaintiff prevails on his allegations, based on the reasonable assumption that the putative class members would receive waiting time penalties based on eight-hour days for thirty days, the amount in controversy related solely to waiting time penalties would add more to total amount in controversy[5].

35.   Plaintiff also seeks attorneys' fees and costs in his Complaint. Complaint, Prayer for Relief, ¶ 6.   The Court must consider attorneys' fees in determining whether the amount in controversy is met, since the California Labor Code allows recovery of such fees.   It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy.  *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").   In California, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement.  *See*, *e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in exemption misclassification class action, but reversing as to multiplier); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equate to

---

[5] Even if only 400 putative class members terminated during the statutory period, the amount in controversy for this claim would total $1,985,280 (400 * $20.68 * 8 hours * 30 days).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.
DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

total fees of $1,199,550 in class action involving violations of a living wage ordinance, among others). The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted); *Lo v. Oxnard Euro. Motors, LLC*, No. 11-CV-1009, 2012 US. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.")

36.    Thus, although Defendant denies that Plaintiff and the putative class are entitled to any relief, accepting Plaintiff's claims as true, it is more likely than not that the amount in controversy in this case exceeds $5,000,000.00. Based on the allegations in Plaintiff's Complaint, and as demonstrated in the calculation of alleged damages set forth above and based on company records, the $5,000,000.00 jurisdictional amount requirement of the CAFA is easily exceeded.

## VII.    SUMMARY

37.    Removal of this action is therefore proper as the aggregate alleged value of Plaintiff's class causes of action for unpaid meal and rest periods premiums, non-compliant wage statements, final wages not timely paid, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5,000,000.00. *See* 28 U.S.C. § 1332(d)(2).

38.    Accordingly, although Defendant fully denies Plaintiff's claims of wrongdoing as alleged in his Complaint, the jurisdictional minimum is satisfied for purposes of determining amount in controversy, as required under CAFA.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

///
///
///
///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

12.

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1   Dated:  July 31, 2020

2

3                                    /s/ Linda N. Bollinger
                                     KEITH A. JACOBY
4                                    SOPHIA BEHNIA
                                     LINDA N. BOLLINGER
5                                    LITTLER MENDELSON, P.C.
                                     Attorneys for Defendant
6                                    FEDEX FREIGHT, INC.

7

8       4840-2704-8129.1 101044.1003

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

13.

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT